**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-20300**
**Summary Calendar**
_____

**CAROL OLSON,**

**Plaintiff-Appellant,**

**versus**

**WALLACE COMPUTER SERVICES, INC.,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(CA H 95-3502)**
_____

July 31, 1996

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

In June 1995, Carol Olson filed this action against her employer, Wallace Computer Services, Inc., claiming age discrimination, intentional infliction of emotional distress, and breach of contract. On January 12, 1996, one week after the district court dismissed this action (pursuant to FED. R. CIV. P. 12(b)(6)) and entered a final judgment (pursuant to FED. R. CIV. P. 58), Olson moved to vacate the dismissal and for leave to amend her

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

complaint.  The district court denied her motion by order entered February 8.

Olson contends that the district court erred by dismissing the action, and abused its discretion by refusing to vacate the dismissal and to grant leave to amend.  But, because Olson's notice of appeal refers only to the February 8 order denying her post-judgment motion, and does not mention the January 5 order of dismissal, the order of dismissal is not properly before us.  *See* FED. R. APP. P. 3(c); *Capital Parks, Inc. v. Southeastern Advertising & Sales System, Inc.*, 30 F.3d 627, 630 (5th Cir. 1994).

Although Olson's motion for leave to amend her complaint was filed after the entry of final judgment, the standards applicable to FED. R. CIV. P. 15, rather than those applicable to FED. R. CIV. P. 59(e), govern our review of whether the district court's denial of leave to amend constituted an abuse of discretion.  *See* *Rourke v. Thompson*, 11 F.3d 47, 51 (5th Cir. 1993).  Although leave to amend "shall be freely given when justice so requires", FED. R. CIV. P. 15(a), it "is by no means automatic", *Southern Constructors Group v. Dynalectric Co.*, 2 F.3d 606, 612 (5th Cir. 1993); and our court has affirmed such denials when the movant has engaged in undue delay.  *See* *Whitaker v. City of Houston, Tex.*, 963 F.2d 831, 836-37 (5th Cir. 1992).

We find no abuse of discretion in the refusal to allow Olson to amend.  The motion to dismiss gave Olson clear notice of the

deficiencies in her original complaint. She could have responded to the motion by filing an amended complaint, for which she would not have had to seek leave of court. *See* FED. R. CIV. P. 15(a) (pleading may be amended once as a matter of course at any time before a responsive pleading is served); *Whitaker*, 963 F.2d at 834-35 (a motion to dismiss is not a responsive pleading). Instead, Olson moved for an extension of time to respond to Wallace's motion, asserting that she needed 75 days within which to conduct discovery. Wallace opposed an extension, asserting that discovery was unnecessary, and asking the court to order Olson to respond to the motion *with an amended complaint*.

After receiving two extensions of time in which to respond, and requesting a third extension for which the record contains no ruling, Olson still did not seek leave to amend; instead, she filed a response, three days late, in which she stated that, "at the appropriate time she will seek leave of Court to amend". She did not seek such leave, however, until after the action had been dismissed. Under these circumstances, we cannot say that the district court abused its discretion by denying Olson's untimely request for leave to amend. Accordingly, the post-judgment order is

**AFFIRMED.**