United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10374
Conference Calendar

_____

JOSEPH DINGLER,

Plaintiff-Appellant,

versus

JIM BOWLES, Dallas County Sheriff; DETENTION SERVICE
OFFICER KEYLON, Officer; DETENTION SERVICE OFFICER BATES,
Officer; DETENTION SERVICE OFFICER KIRPATRICK, Officer,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CV-2095-M
--------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Joseph Dingler, Texas inmate #1192066, proceeding pro se, seeks leave to proceed in forma pauperis ("IFP") in an appeal of the district court's dismissal of his 42 U.S.C. § 1983 complaint as moot. Dingler's IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although we apply less stringent standards to parties proceeding pro se than to parties represented by counsel and liberally construe the briefs of pro se litigants, pro se parties must still brief the issues and reasonably comply with the requirements of FED. R. APP. P. 28. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). When an appellant fails to identify any error in the district court's reasons for dismissing his complaint, it is the same as if the appellant had not appealed that judgment. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Dingler does not challenge the findings and conclusions adopted by the district court in its certification order. He does not identify any error in the district court's reasons for the dismissal of his 42 U.S.C. § 1983 complaint. Accordingly, he has abandoned the only issue on appeal. Brinkmann, 813 F.2d at 748.

Dingler has not shown that the district court erred in certifying that an appeal would not be taken in good faith. He has not shown that he will present a nonfrivolous issue on appeal. Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of the instant appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). See Adepegba v. Hammons,

103 F.3d 383, 387 (5th Cir. 1996). Dingler previously accumulated two strikes in <u>Dingler v. Bowles</u>, No. 04-10130 (5th Cir. June 22, 2004). Thus, Dingler has accumulated three strikes for purposes of 28 U.S.C. § 1915(g). <u>See</u> <u>Adepegba</u>, 103 F.3d at 386-87. Dingler is therefore BARRED from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. <u>See</u> 28 U.S.C. § 1915(g).

MOTION FOR LEAVE TO PROCEED IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) SANCTION IMPOSED.