# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 22, 2010

No. 09-20709
Summary Calendar

Lyle W. Cayce
Clerk

JAMES CAVAZOS,

Plaintiff-Appellant

v.

JP MORGAN CHASE BANK NATIONAL ASSOCIATION; BARRETT DAFFIN
FRAPPIER TURNER & ENGLE L.L.P.; EMC MORTGAGE CORPORATION;
MERS; SOUTHSTAR FUNDING LLC; MERSCORP INCORPORATED,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-648

Before SMITH, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

James Cavazos appeals the judgment dismissing, for lack of jurisdiction, his mortgage fraud suit against the defendants. Cavazos's initial brief failed to attempt to demonstrate error in the district court's determination that he was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

without standing to sue.[1]  Cavazos's failure to identify any error in the district court's analysis on this issue constitutes a failure to appeal that ruling.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  As are other litigants, a pro se party is required to brief arguments in order to preserve them.  *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  Consequently, we deem Cavazos's appeal to have been abandoned.  His effort to address standing in his reply brief comes too late, as we will not consider arguments raised for the first time in a reply brief.[2] *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005)("Arguments raised for the first time in a reply brief, even by pro se litigants . . . are waived.") Accordingly, the judgment below is affirmed; the pending motion to strike Cavazos's record excerpts is denied as moot.

AFFIRMED; MOTION TO STRIKE RECORD EXCERPTS DENIED AS MOOT.

---

[1]  Cavazos contended only that a "Notice of International Commercial Claim in Admiralty Administrative Remedy" he sent to the defendants around the time this case was removed constitutes proof of his claimed ownership in the property due to "estoppel by acquiescence."  To the extent that this constitutes a challenge to the district court's standing determination, it is frivolous.

[2]  In any event, Cavazos's reply brief is wholly lacking in any legal citation, relying instead on quoting Latin maxims which in no way address the specific reasoning of the district court.