# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 2, 2011

Lyle W. Cayce
Clerk

No. 10-10405
Summary Calendar

LORENZO ALLEN THOMAS; HEATHER D. SHOUGH,

> Plaintiffs–Appellants

v.

TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES; and
Jane/John Does 1–10; THOMAS CHAPMOND; CARNESHA COLLINS;
PAULA PIETZ; JOYCE COLEMAN-ALFORD; CRYSTAL MARTIN;
TARRANT COUNTY; TARRANT COUNTY DISTRICT ATTORNEY'S
OFFICE; LISA HAINES; SAFE HAVEN MISSION; JOE SHANNON, JR.,

> Defendants–Appellants

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CV-193

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Lorenzo Allen Thomas and Heather D. Slough, both proceeding pro se and
*in forma pauperis* ("IFP"), challenge the district court's dismissal of their claims
without prejudice against the Texas Department of Family and Protective

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-10405

Services ("TDFPS"), Tarrant County, the Tarrant County District Attorney's Office, Safe Haven Mission, and several employees of these entities in their individual and official capacities.  On appeal, Appellants contend that the district court improperly dismissed their Fourth and Fourteenth Amendment unreasonable search-and-seizure claim that Defendants entered their home without consent and removed their child without a warrant, court order, or exigent circumstances.  While the district court correctly dismissed the claims as to all defendants other than Carnesha Collins, we find that the district court erred in dismissing Appellants' unreasonable search-and-seizure claim against Collins.  Therefore, we affirm in part, and reverse and remand in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On or about June 15, 2009, Plaintiffs Lorenzo Allen Thomas and Heather D. Shough got into an argument.  The two lived together at the time with their young daughter.  As a result of the argument, Shough left the home late one night and relocated to a shelter, where she informed the counselors that Thomas had choked her and that she was a victim of domestic violence.  Both Shough and Thomas now claim that Thomas did not abuse Shough, but that Shough manufactured the allegations because she was angry at Thomas for continuing to smoke marijuana.  Regardless, Appellants' complaint alleges that a call was placed to TDFPS, and that Defendant Carnesha Collins, an employee of TDFPS, told Shough that if she left the shelter she would not be allowed to take her daughter with her.  Collins also allegedly informed Shough that if TDFPS found out that she had contact with Thomas, TDFPS would remove their child from the home.  Shough then called Thomas, who agreed to leave the house so that Shough and their child could return home.

After Shough returned home with the child, on or about June 23, 2009, Collins paid a visit to Shough's residence.  It is unclear from the complaint whether or not this visit was scheduled.  The complaint alleges that Collins

No. 10-10405

knocked on Shough's door, which Shough opened, and that Collins then walked into the house uninvited and began questioning Shough about why she left the shelter, whether she had been using drugs, and whether she had been seeing Thomas. Shough admitted to smoking marijuana on June 19, and denied having contact with Thomas except once when she turned him away when he tried to collect personal items from the house. Collins then allegedly drafted a "safety plan," whereby TDFPS would remove the child if Shough used drugs or had contact with Thomas in the future. The complaint states that later the same day, Shough took her daughter to the doctor for a physical and her daughter was given a "healthy report."

On June 25, 2009, Collins and three unidentified women allegedly awakened Shough by knocking at her door. The complaint states that Collins and the women told Shough that she must move back to Ohio to live with her parents if she wanted to retain custody of the child. After initially refusing, Shough called her parents on the phone to discuss arrangements. After hanging up, Collins claimed that Shough had told Shough's mother on the phone that she had been in contact with Thomas, which Shough denied. Collins then convinced Shough to take a drug test, and while taking the test, one of the women allegedly grabbed Shough's daughter and ran out the door. The complaint alleges that Collins then gave Shough a "notice of removal of child" and told Shough: "Now you can be with [Thomas] all you want."

Because Appellants only contest the district court's dismissal of their illegal search-and-seizure claim on appeal, the rest of the allegations in the complaint are not relevant to this appeal. In summary, after numerous proceedings concerning custody of the child and parental rights, on February 10, 2010, Shough received a letter from TDFPS stating that it had ruled out allegations of abuse and neglect for lack of evidence and had closed the case. Although the complaint states that Shough and Thomas's daughter was in

No. 10-10405

TDFPS custody for approximately nine months, it is unclear whether she was ultimately returned to Shough's care.

On March 23, 2010, Appellants filed suit pro se in the U.S. District Court for the Northern District of Texas, asserting nine claims against Defendants under 42 U.S.C. §§ 1983 and 1988. Appellants also filed motions for appointment of counsel and to proceed IFP, the latter of which the district court granted on April 12, 2010. On April 15, 2010, the district court sua sponte reviewed whether it should dismiss Appellants' complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B) allows the district court to sua sponte dismiss any IFP complaint that it finds "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." The district court dismissed Appellants' complaint without prejudice on two grounds. First, it held that TDFPS and its officials sued in their official capacities are immune from liability under the Eleventh Amendment, and that neither the agency nor officials have waived that immunity. Second, the district court held that it lacked subject-matter jurisdiction over all of the claims, because "[t]his is strictly a suit affecting the parent-child relationship that is currently being litigated in the Texas family courts, and Plaintiffs' attempts to cast it as a civil rights complaint are unavailing." Based upon the dismissals, the district court denied Appellants' motion for appointment of counsel. Appellants timely appealed.

## II. STANDARD OF REVIEW

Because the district court's dismissed Appellants's claim on immunity grounds and impliedly because Appellants failed to state a claim on which relief can be granted, we review the dismissal de novo. *See, e.g.*, *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998) ("We . . . employ the same *de novo* standard to review the § 1915(e)(B)(ii) dismissal as we use to review dismissal pursuant to

4

12(b)(6)."). We review the district court's denial of Appellants' motion to appoint counsel for abuse of discretion. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

## III. DISCUSSION

On appeal, Appellants' brief challenges only the district court's dismissal of its Fourth and Fourteenth Amendment unreasonable search-and-seizure claim and the denial of appointment of counsel. Additionally, the arguments in Appellants' brief address only why dismissal was improper as to Defendant Collins, Safe Haven Mission, and perhaps TDFPS as an entity. The brief makes no mention of the roles of the other Defendants relevant to the unreasonable search-and-seizure claim. Therefore, arguments as to the dismissal of all other Defendants are waived. *Sanders v. Unum Life Ins. Co. of Am.*, 553 F.3d 922, 926 (5th Cir. 2008) ("A party waives an issue if he fails to adequately brief it on appeal."). Further, Appellants failed to make any allegation in their complaint regarding the role of Safe Haven or its employees in the illegal search-and-seizure. While Appellants' brief implies that Safe Haven employees entered Shough's residence without consent along with TDFPS employees, they fail to make any such claim in their complaint. Therefore, we affirm the dismissal of the claims against Safe Haven for failure to state a claim upon which relief can be granted.

## A.    Eleventh Amendment Immunity

To the extent that Appellants preserved any arguments against TDFPS as an entity, the district court correctly dismissed claims against TDFPS pursuant to the Eleventh Amendment. As this Court and the Supreme Court have held, "The eleventh amendment generally divests federal courts of jurisdiction to entertain citizen suits directed against states." *Stem v. Ahearn*, 908 F.2d 1, 3 (5th Cir. 1990) (citing *Port Auth. Trans–Hudson Corp. v. Feeney*, 495 U.S. 299 (1990); *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974)). Similarly, suits against employees of state entities in their official capacity run

afoul of the Eleventh Amendment. *Id.* (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984); *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945)). Although the *Ex Parte Young* doctrine creates an exception to this rule concerning suits for prospective relief against individual state actors, *Ex Parte Young* "has no application in suits against . . . States and their agencies." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). TDFPS is undisputedly a state entity that has not waived its immunity. *See Stem*, 908 F.2d at 4 ("Texas has not consented to be sued in federal court by resident or nonresident citizens regarding its activities to protect the welfare of children."). Therefore, the district court properly dismissed all claims against TDFPS and all official capacity claims against TDFPS employees.

**B.    Qualified Immunity**

The only remaining issue, therefore, is whether the district court properly dismissed Appellants' individual capacity unreasonable search-and-seizure claim against Defendant Collins. As a first matter, we cannot accept the district court's justification for dismissal of all the claims: that Appellants' suit is merely an attempt to shoehorn a parent–child relations dispute that is pending in state court into a civil rights complaint. The district court's citation in support of its dismissal on these grounds refers to a case where the district court remanded a complaint to state court in part because the complaint "consisted of purely state law claims concerning the State's protection of children." *Tex. Dep't of Protective & Regulatory Servs. v. Mitchell-Davis*, No. 3:07-CV-1726-D, 2007 WL 4334016, at *4 (N.D. Tex. Dec. 11, 2007). Here, Appellants have made claims asserting federal constitutional violations, and seek monetary relief and injunctive relief to prevent further allegedly unconstitutional searches and seizures. The mere fact that the underlying dispute arose from an issue concerning a parent–child relationship does not destroy a federal court's jurisdiction over a properly

pleaded constitutional claim. Therefore, we must proceed to consider whether the district court erred in dismissing Appellants' individual capacity claim against Collins.

We have previously held that social workers employed by state agencies may assert a qualified immunity defense when sued under 42 U.S.C. § 1983. *See Roe v. Texas Dep't of Protective & Regulatory Servs.*, 299 F.3d 395, 400 (5th Cir. 2002). The district court had not yet requested that Defendants respond to the complaint in this suit, and therefore Collins has not had an opportunity to assert a qualified immunity defense. Nonetheless, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), we may affirm the district court's dismissal of the claim against Collins if we find that she is entitled to qualified immunity. We find that based on the complaint alone, Collins is not entitled to qualified immunity at this time, and therefore the district court erred in dismissing Appellants' individual capacity unreasonable search-and-seizure claim against her. We emphasize that this does not preclude the district court from finding that Collins is entitled to qualified immunity at any time upon remand, including after the filing of responsive pleadings or at the summary judgment stage.

Qualified immunity protects state officials from civil damages liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 815 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). As the Supreme Court established in *Saucier v. Katz*, 533 U.S. 194 (2001), we must undertake a two-step inquiry to determine whether the official is entitled to immunity, asking: (1) whether the plaintiffs have alleged facts sufficient to establish a violation of a constitutional right; and (2) whether that right was "clearly established" at the time of the defendant's alleged misconduct. *Pearson*, 129 S. Ct. at 815–16 (citing *Saucier*, 533 U.S. at 201). As the *Pearson* Court established, we may address these two

prongs in either order. *Id.* at 818. In determining whether Collins violated a constitutional right, "we employ currently applicable constitutional standards." *Wernecke v. Garcia*, 591 F.3d 386, 392 (5th Cir. 2009) (quoting *Kinney v. Weaver*, 367 F.3d 337, 350 (5th Cir.2004) (en banc)) (internal quotation marks omitted). On the "clearly established" inquiry, we have noted that "[o]fficials should receive the protection of qualified immunity 'unless the law is clear in the more particularized sense that reasonable officials should be "on notice that their conduct is unlawful."'" *Wernecke*, 591 F.3d at 393 (quoting *Kinney*, 367 F.3d at 350 (quoting *Saucier*, 533 U.S. at 206)).

Appellants allege that Collins violated their constitutional right to be free from unreasonable search-and-seizure in several respects. First, they maintain that Collins entered Shough's home without a warrant or court order and without Shough's consent, any exigent circumstances, or justification under the special needs doctrine. Second, they contend that Collins remained in the house after Shough asked her to leave. Third, they allege that by seizing the child without a court order and absent exigent circumstances or special needs, Collins also violated their Fourth and Fourteenth Amendment rights.

We first inquire whether any of the alleged violations, as stated, would represent a violation of Appellants' Fourth and Fourteenth Amendment rights. In this Circuit, it is "well established . . . that the Fourth Amendment regulates social workers' civil investigations." *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 420 (5th Cir. 2008) (citing *Roe*, 299 F.3d at 401). We have further noted that "[w]arrantless searches of a person's home are presumptively unreasonable unless the person consents, or unless probable cause and exigent circumstances justify the search." *Id.* (quoting *United States v. Gomez-Moreno*, 479 F.3d 350, 354 (5th Cir. 2007)) (alteration in *Gates*). Therefore, based on the allegations in the complaint, Collins violated

No. 10-10405

Appellants's constitutional rights unless we find that consent, exigent circumstances, or special needs existed.

We can quickly dispose with the issue of consent. On this basis of the complaint, Shough did not consent to Collins's entry into the home, although she did not verbally object. We have previously held that "[s]ilence or passivity cannot form the basis for consent to enter," *Roe*, 299 F.3d at 402, and that "a defendant's mere acquiescence to a show of lawful authority is insufficient to establish voluntary consent." *Gates*, 537 F.3d at 420–21 (quoting *United States v. Jaras*, 86 F.3d 383, 390 (5th Cir. 1996)). Therefore, on the basis of the complaint alone, Shough did not consent to Collins's entry into the home.

We can similarly dispose of the possibility of a special needs exception based on the facts alleged. Under similar circumstances, we recently concluded that a home visit to investigate possible child abuse "was not separate from general law enforcement," and therefore "the special needs doctrine cannot be used to justify the warrantless entry." *Id.* at 424. Because Collins's visit to Shough's home was also to investigate the possibility of child abuse and the safety of Shough and Thomas's daughter, we conclude that the special needs exception does not apply on the basis of the facts alleged in the complaint.

Concerning exigent circumstances, the Supreme Court has held that "law enforcement officers may enter a home without a warrant to render emergency assistance to an injured occupant or to protect an occupant from imminent injury." *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006). In *Gates*, we addressed whether exigent circumstances existed for TDFPS officials to enter a home without a warrant or court order when the father had "pushed and kicked [his son] that morning, had handcuffed [his son] to his bed at some point, and used unusual discipline methods." 537 F.3d at 422. We held that exigent circumstances were not present, because (1) at the time of entry, the allegedly abusive father was not at home; (2) there were no allegations he had abused his

9

No. 10-10405

other children, his "unusual discipline methods" aside; and (3) the interviews conducted at the home were "routine, non-emergency interviews." *Id*. at 422–23.

Because the district court has not yet ordered Defendants to respond in this case, it is unclear what information Collins may have had at the time of the allegedly unlawful entry. The complaint alleges that Thomas was not at home or even living at the house at the time. While the complaint notes that Collins presented an affidavit at a later removal hearing averring that Shough told her that (1) Thomas had picked up their daughter by the limbs and thrown her into a playpen; (2) Thomas had grabbed their daughter by the neck; and (3) the child had been sexually assaulted, the complaint contends that these allegations were all fabricated. Although Collins's belief that these allegations were true at the time of the unlawful entry may have sufficed to create exigent circumstances, the complaint does not establish whether or not this information was known to Collins at the time of the entry. Therefore, the complaint alone does not support the application of the exigent circumstances exception.

Having found that the complaint alleges a constitutional violation, we must decide whether the law supporting such a finding was clearly established at the time of the allegedly unconstitutional conduct. In *Gates*, we held under similar factual circumstances that the law of consent and exigent circumstances in this area "has been clearly established for some time." *Id*. at 424. While in *Gates* we held that the law regarding special needs was not clearly established at that time, we find that *Gates* sufficiently established the law for purposes of this case. As we noted above, we held in Gates that the "purpose of TDPRS's entry into the Gateses' home—the investigation of possible child abuse—was closely tied with law enforcement," and that "because the need to enter the Gateses' home was not divorced from the state's general interest in law enforcement, there was no special need that justified the entry." *Id*. Because

10

the rationale behind the entry here was likely the same, we hold that the law was clearly established at the time of the conduct at issue.

## C.    Denial of Motion to Appoint Counsel

The district court denied Appellants' motion for appointment of counsel because it had already dismissed all of their claims.  We have held that "[t]here is no automatic right to the appointment of counsel in a section 1983 case," and that "a district court is not required to appoint counsel in the absence of 'exceptional circumstances.'" *Cupit*, 835 F.2d at 86.  "In evaluating whether the appointment of counsel is proper, the district court considers the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence." *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007) (quoting *Castro Romero v. Becken*, 256 F.3d 349, 354 (5th Cir.2001)).

Appellants allege that the district court abused its discretion in failing to appoint counsel because "the issues in the complaint are factually and legally complex," and because they generally lack resources to expend on the case.  At this juncture of the case, Appellants have failed to show the presence of exceptional circumstances.  Only one party remains in Appellants' suit, and responsive pleadings have not yet been filed. While Appellants may have limited resources at their disposal, this constraint applies to all litigants proceeding IFP and thus is not one of the above factors evaluated under the "exceptional circumstances" inquiry.  Therefore, Appellants have failed to show that the district court abused its discretion in denying their motion for counsel.

## IV. CONCLUSION

Because we are unable to grant qualified immunity to Collins on the basis of the complaint alone, we REVERSE AND REMAND the district court's dismissal of Thomas and Shough's Fourth and Fourteenth Amendment individual capacity claim against Collins. We emphasize, again, that the district

court may find that Collins is entitled to qualified immunity at another stage in this case, and that this decision rests solely on the basis of the complaint, as Defendants have not yet been ordered to respond.  We AFFIRM on all other grounds.

AFFIRMED in part, REVERSED AND REMANDED in part.