# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 9, 2013

No. 12-20352
Summary Calendar

Lyle W. Cayce
Clerk

SHENITA COMB; SHERITA SIMS-COTTON; MINNIE ENGLISH; TRACEY
EADEN; LAKEISHA PARKER; NAOMI FLEMMING; IRIS WILLIAMS;
BEVERLY BASHIR; BRENDA WITHFIELD; KATHY BUTLER;
DEMETRIUS HAWKINS; RANDOLPH NICHOLS; NANCY WATTA,

Plaintiffs - Appellants

v.

RON ROWELL, Superintendent of Benji's Special Education Academy,
Incorporated; KAY KARR, Member of the Board of Managers of Benji's
Special Educational Academy, Incorporated; JAMES HOLMAN, Member of
Board of Managers of Benji's Special Educational Academy, Incorporated;
EARNESTINE PATTERSON, Member of the Board of Managers of Benji's
Special Educational Academy, Incorporated; ROBERT SCOTT, Commissioner
of the Texas Education Agency; RICK SCHNEIDER, Former Superintendent
Benji's Special Educational Academy,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
No. 4:10-CV-3498

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.

No. 12-20352

This appeal arises out of the Texas Education Agency's closure and revocation of the charter of Benji's Special Educational Academy. The plaintiffs (parents/guardians of students and two teachers) appeal the district court's grant of summary judgment in favor of the defendants, officials of the Texas Education Agency. The parents and guardians claimed that the closure of the school violated the due process requirements of the Individuals with Disabilities Education Act (IDEA). The teachers claimed that the closure of the school violated their constitutional due process rights. The district court granted summary judgment on the parents/guardians' IDEA claims on the ground that they had failed to exhaust administrative remedies. The court granted summary judgment on the teachers' claims on the ground that they were at-will employees and did not have a protected property right in continued employment.

The plaintiffs argue, for the first time on appeal, that all Texas children have a constitutionally protected property right to a free public education which was violated by defendants' actions. We do not consider arguments that were not presented to the district court.

In their reply brief, the plaintiffs contend that their IDEA claims were changed by amendment into § 1983 claims in their Second Amended Complaint. That contention is belied by the record. The Second Amended Complaint clearly alleges violations of the IDEA. The district court correctly held that the plaintiffs cannot escape the administrative exhaustion requirements of the IDEA by pleading a cause of action under § 1983 based upon violations of their IDEA rights to notice.

The plaintiffs argue that the district court erred by granting summary judgment on the teachers' claims when it had earlier denied a motion to dismiss for failure to state a claim based on the same evidence. This argument is

R. 47.5.4.

2

No. 12-20352

without merit. In ruling on the motion to dismiss, the district court could not consider the teacher plaintiffs' employment contracts, which contain an "At Will Statement." However, on summary judgment, that evidence was properly considered by the district court and supports its conclusion that the teachers did not have a protected property interest in continued employment.

In sum, based on our review of the record and the briefs, we conclude that the district court did not err by granting summary judgment in favor of the defendants. We AFFIRM the summary judgment essentially for the reasons stated by the district court in its thorough, well-reasoned opinion.

AFFIRMED.