# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-20169
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 26, 2015

Lyle W. Cayce
Clerk

THEAOLA ROBINSON,

Plaintiff - Appellant

v.

RICK SCHNEIDER; RON ROWELL; KAY CARR; JAMES HOLMAN;
EARNESTINE PATTERSON; ROBERT SCOTT,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-2732

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Theaola Robinson appeals the summary judgment in favor of Defendants-Appellees Rick Schneider, Ron Rowell, Kay Carr, James Holman, Earnestine Patterson, and Robert Scott.  We AFFIRM.

I.

Robinson is the founder of Benji's Special Education Academy, Inc. ("Benji's Academy").  In 1998, Benji's Academy received a Texas Education Agency ("TEA") charter to operate as an "open enrollment" charter school.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20169

Some time later, the TEA determined that Benji's Academy was not meeting certain obligations. The TEA did not renew the school's charter in 2003 but allowed the school to continue operating pending approval of its renewal application. Over the next few years, the TEA asked Benji's Academy to address several issues. After learning about certain violations in the summer of 2010, the TEA appointed an interim Board of Managers to operate the school. The new Board of Managers discovered that the school was in urgent financial condition and voted to declare financial exigency and suspend all school programs after September 14, 2010. However, Robinson and others at Benji's Academy continued to operate the school after the suspension. As a result, TEA Commissioner Robert Scott suspended the school's authority to operate as a charter school on September 16, 2010, and issued a notice of intent to revoke its charter on September 24. An administrative hearing was held in August 2011, and a final order revoked the school's charter in January 2012, permanently closing the school.

A number of teachers and parents filed lawsuits in federal court. In the first lawsuit, two teachers claimed that the closure of Benji's Academy deprived them of their property rights in continued employment at the school without due process. *See Comb v. Rowell*, 538 F. App'x 371, 372 (5th Cir.) (unpublished), *cert. denied* 134 S. Ct. 684 (2013).[1] The district court granted summary judgment in favor of the defendants after concluding that the teachers had no property interest in continued employment because they were at-will employees of the school. *See Comb v. Benji's Special Educ. Acad.*, No. 10-CV-3498, 2012 WL 1067395, at *6 (S.D. Tex. Mar. 28, 2012). We affirmed. *Rowell*, 538 F. App'x at 372.

In this lawsuit, Robinson and other employees of Benji's Academy sued

---

[1] A number of parents were also part of the first lawsuit.

No. 14-20169

Defendants under 42 U.S.C. § 1983, again arguing that Defendants violated their constitutional rights to due process by depriving them of their property rights in continued employment. Defendants moved for summary judgment, and the district court granted the motion after determining that the plaintiffs were at-will employees with no expectation of continued employment. Robinson appealed.

## II.

We review a grant of summary judgment de novo. *Mesa v. Prejean*, 543 F.3d 264, 269 (5th Cir. 2008). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). We may affirm the district court's grant of summary judgment on any ground supported by the record and presented to the district court. *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008).

On appeal, Robinson raises a number of claims and arguments that were not before the district court.[2] The only cause of action properly asserted before the district court is Robinson's claim that the closure of Benji's Academy deprived her of due process related to the loss of her job. Thus, Robinson has waived the other claims and arguments by failing to raise them in the district court proceeding. *See New Orleans Depot Servs., Inc. v. Dir. Office of Worker's Comp. Programs*, 718 F.3d 384, 387 (5th Cir. 2013) (en banc) ("Generally, we do not consider issues on appeal that were not presented and argued before the lower court."); *see also Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.").

---

[2] Robinson also initially sought to appeal on behalf of Benji's Academy. However, the Academy's appeal was dismissed for want of prosecution pursuant to Fifth Circuit Rule 42.3.

3

No. 14-20169

Turning to Robinson's due process argument, Robinson must raise a genuine dispute of fact as to whether she has a property interest in continued employment to survive summary judgment. *See DePree v. Saunders*, 588 F.3d 282, 289 (5th Cir. 2009) ("The threshold requirement of any due process claim is the government's deprivation of a plaintiff's . . . property interest."). "In Texas, there exists a presumption that employment is at-will unless that relationship has been expressly altered . . . ." *Muncy v. City of Dallas*, 335 F.3d 394, 398 (5th Cir. 2003). An at-will employee does not have a protected property interest because employment may be terminated at any time. *Conner v. Lavaca Hosp. Dist.*, 267 F.3d 426, 439 (5th Cir. 2001).

Robinson did not contest the district court's determination that she was an at-will employee in her opening brief on appeal, but she argues in her reply brief that she had a five-year contract with Benji's Academy and thus had an expectation of continued employment. We generally do not consider matters raised for the first time in a reply brief. *See, e.g., United States v. Elashyi*, 554 F.3d 480, 494 n.6 (5th Cir. 2008) ("An appellant that fails to adequately brief an issue in his opening brief waives that issue."). In any event, Robinson previously admitted in response to Defendants' Requests for Admissions that her employment with Benji's Academy was at will.[3] "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." FED. R. CIV. P. 36(b); *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001); *cf. Armour v. Knowles*, 512 F.3d 147, 154 n.14 (5th Cir. 2007) ("[The] affidavit contrary to the binding admissions may not be permitted to rebut the admissions at trial."). As Robinson cannot

---

[3] Robinson's response to Defendants' Request for Admissions stated:

    1.  Please admit or deny that your employment with Benji's was at will.

       Admit.

4

succeed on her due process claim if she is an at-will employee, we AFFIRM the district court's judgment.