# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 20, 2026

Lyle W. Cayce
Clerk

_____

No. 25-40127

_____

Andrew Harvey,

*Plaintiff—Appellant*,

*versus*

Jose A. Montiel, *Officer #9370*; Anthony Garcia, *Officer #3336*; City of Pharr Police Department,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:24-CV-107

_____

Before Wiener, Engelhardt, and Oldham, *Circuit Judges*.
Kurt D. Engelhardt, *Circuit Judge*:*

In September 2023, Pharr Police Department officers arrived at Plaintiff-Appellant (and former Pharr Police Chief) Andrew Harvey's residence, responding to text messages allegedly sent from his phone to 911 dispatch. Plaintiff alleges that Pharr Police Department officers improperly arrested him using excessive force and entered his home without a warrant

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

or consent. To implicate the municipal defendants, he alleges the City of Pharr ("the City") failed to properly train employees about 911 communications and constitutional protections prohibiting excessive force.

Reviewing plaintiff's Third Amended Complaint,[1] the district court granted defendants' motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). It dismissed all of plaintiff's claims with prejudice. Plaintiff then moved the district court to reconsider under Rules 59(e) and 60(b), seeking leave to amend the complaint a fourth time. The district court denied the reconsideration motion in all respects.

Plaintiff appeals both orders. Because he appears pro se on appeal, as in the district court, we afford his briefs "liberal construction." *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). But pro se litigants remain subject to the court's procedural rules. *Arredondo v. Univ. of Tex. Med. Branch at Galveston*, 950 F.3d 294, 298 (5th Cir. 2020). We REVERSE the district court's dismissal of plaintiff's Fourth Amendment unlawful arrest claim against the defendant-officers and AFFIRM the district court's dismissal of the remaining claims. We likewise AFFIRM the district court's denial of plaintiff's motion to reconsider.

I

We review the district court's dismissal of plaintiff's complaint for failure to state a claim *de novo*. *McKay v. LaCroix*, 117 F.4th 741, 746 (5th Cir. 2024). A "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

---

[1] The district court described the operative complaint as plaintiff's Fourth Amended Complaint, as it was labeled in CM/ECF. Although a bit unclear, a review of the record suggests the operative complaint was, in fact, plaintiff's third amendment. This opinion refers to the operative complaint as plaintiff's Third Amended Complaint.

No. 25-40127

556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* As such, the court "must accept all facts in the complaint as true," but will not "accept conclusory allegations, unwarranted factual inferences, or legal conclusions." *McKay*, 117 F.4th at 746.

Plaintiff's complaint is not a model of clarity. But the district court aptly distilled his claims:

> 1) violations of the Fourth Amendment against the Officers for unlawful arrest, for entering Plaintiff's home or curtilage without probable cause or a warrant, and for excessive force; 2) violation of 42 U.S.C. § 1983 (*Monell* claim) against the City for failure to properly train employees on handling text-based 911 communications and for failure to train and supervise officers on respecting constitutional rights and avoiding excessive force; 3) violation of the Eighth Amendment against the Officers for cruel and unusual punishment based on the use of excessive force and a prohibited chokehold, as well as a corresponding state claim under Article 1, Section 13 of the Texas Constitution; 4) violation of the Fourteenth Amendment against the City for targeting Plaintiff for the offense of Silent Abuse to 911, while other citizens who similarly or more egregiously violated the 911 call system were not charged; 5) negligence against the City for not having set policies or Standard Operating Procedures for managing calls by text to 911; 6) violation of 42 U.S.C. § 1985 against all defendants for orchestrating Plaintiff's unlawful arrest; 7) use of prohibited chokehold against the Officers for using a chokehold in violation of [proposed state legislative acts]; 8)

malicious prosecution against the Officers for maliciously fabricating charges of 911 Silent Abuse and resisting arrest.

Order Granting Mot. to Dismiss at 5–6, *Harvey v. Montiel*, No. 24-CV-00107 (S.D. Tex. Dec. 2, 2024), Dkt. No. 57-2 (citation modified).

Plaintiff does not challenge the district court's decision on his (3) Eighth Amendment, (5) negligence, and (6) § 1985 conspiracy claims. Plaintiff likewise does not address any error in the district court's decisions on his claims for (3) violating Article I, Section 13 of the Texas constitution, (7) use of a prohibited chokehold, and (8) malicious prosecution. Accordingly, the court does not revisit the district court's order on those claims.

That leaves for our review only the following claims: (1) Fourth Amendment claims for unlawful arrest/entry and excessive force against the individual officers;[2] (2) § 1983 *Monell*-liability claims against the City for failure to train and supervise; and (4) a Fourteenth Amendment selective enforcement claim against the City. We take each claim, in turn.

II

Each of plaintiff's claims against the defendant-officers implicate the Fourth Amendment. His excessive force claim has been abandoned on

---

[2] Although the district court listed unlawful arrest and unlawful entry separately in outlining plaintiff's claims, it appears to treat them together in its analysis. Liberally construing plaintiff's complaint, he appears to assert the officers' unlawful entry to accomplish his unlawful arrest. A seizure occurs when "an officer applies physical force or an officer makes a show of authority to which an individual submits." *Arnold v. Williams*, 979 F.3d 262, 268 (5th Cir. 2020). Although included within plaintiff's excessive force description, he alleges the officers "remov[ed plaintiff] from his home and slamm[ed] him to the ground." 3d Am. Compl. at 9 (Count 5). We treat plaintiff's allegations as asserting an unlawful arrest claim premised in part on the officers' alleged unlawful entry into his home—not as two separate claims.

appeal—plaintiff failed to identify any specific errors in the district court's assessment of this claim.[3]  *See Mapes*, 541 F.3d at 584 ("Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them." (internal citations omitted)); *see also Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Dingler v. Bowles*, 113 F. App'x 6, 6 (5th Cir. 2004).  But unlike the district court, we conclude plaintiff has plausibly alleged an unlawful arrest claim.[4]

## A

"The Fourth Amendment has drawn a firm line at the entrance to the house."  *Hogan v. Cunningham*, 722 F.3d 725, 731 (5th Cir. 2013) (citation modified).  "Under the Fourth Amendment, a warrantless intrusion into a person's home is presumptively unreasonable unless the person consents, or unless probable cause and exigent circumstances justify the intrusion." *Smith v. Lee*, 73 F.4th 376, 381 (5th Cir. 2023) (citation modified); *see also Kirk v. Louisiana*, 536 U.S. 635, 638 (2002) (per curiam) (similar

---

[3] Plaintiff's opening brief concludes that his complaint "stated a viable excessive force claim" and argues that officers failed to follow certain policies on de-escalation techniques, but that is about all he says on the matter.  He concludes his "detailed allegations" state a claim.  He repeats in his brief's fact section that officers forced him to the ground and restrained him "with weight pressed into his back."  Plaintiff does not have a separate heading in his argument section addressing his excessive force claim and fails to engage meaningfully with the district court's analysis.

[4] Because the district court did not evaluate the officers' entitlement to qualified immunity in dismissing plaintiff's complaint, we remand to the district court to evaluate qualified immunity for the sole surviving claim while resolving the officers' already-filed summary judgment motion. *Rutila v. Dep't of Transp.*, 12 F.4th 509, 511 n.3 (5th Cir. 2021) (recognizing court could affirm motion to dismiss on any ground supported by record but "opt[ing] not to seek out alternative grounds" given status as "court of review, not of first view" (internal quotation marks and citation omitted)); *Arnold*, 979 F.3d at 269 (remanding issue of qualified immunity while reversing district court's dismissal of claim).

proposition); *Payton v. New York*, 445 U.S. 573, 590 (1980) (same). Defendants have the burden of showing a justification for the warrantless entry. *Winder v. Gallardo*, 118 F.4th 638, 644 (5th Cir. 2024).

1

A "warrantless intrusion into a person's home is presumptively unreasonable" unless, for example, "the person consents." *Smith*, 73 F.4th at 381 (citation modified). "Implicit consent can be inferred from silence or failure to object" if the silence "follows a police officer's explicit or implicit request for consent." *Id.* (citation modified). Plaintiff alleges the officers "entered [his] home without cause or his consent." 3d Am. Compl. ¶ 16. And he clarifies that after the officers entered, he expressly told them they did not have his consent. No allegations suggest plaintiff consented to the officers' entry to his home—either explicitly or by silence. So, consent cannot serve as a basis to affirm the district court's dismissal of plaintiff's unlawful arrest claim.

2

"Probable cause exists when the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Bailey v. Ramos*, 125 F.4th 667, 675 (5th Cir. 2025) (citation modified). The court uses an objective test, viewing the facts "from the standpoint of an objectively reasonable police officer." *Id.* (citation modified). To state an unlawful arrest claim, a plaintiff must provide factual support to "undercut any reasonable belief" that the plaintiff had committed an offense. *Green v. Thomas*, 129 F.4th 877, 887 (5th Cir. 2025) (concluding plaintiff alleged facts undercutting probable cause for murder in false arrest claim).

No. 25-40127

Here, the district court concluded that the complaint insufficiently alleged the absence of probable cause for plaintiff's arrest. Having reviewed the district court's thorough analysis, we agree. Plaintiff alleges that a "text conversation," caused by a "technological glitch/hack," occurred with the City's 911 Emergency Operations Center. 3d Am. Compl. ¶¶ 10, 12. He seemingly admits that he sent the text messages in question. As the district court identified, plaintiff failed to allege anything about his conversation with the officers that would negate probable cause. Plaintiff does not allege the officers knew or should have known that the communications were unintentional. His complaint is wholly lacking facts "undercut[ting] any reasonable belief" that he had committed the offense in question. *Green*, 129 F.4th at 887. As the district court concluded, plaintiff failed to allege the absence of probable cause.

3

The district court stopped at probable cause. But even with probable cause, the arrest might still be unlawful if plaintiff alleged the absence of an exigency justifying the intrusion into his home. *See Kirk*, 536 U.S. at 635 (criticizing as erroneous a decision finding no Fourth Amendment violation for warrantless entry and arrest based on probable cause "[w]ithout deciding whether exigent circumstances had been present"). We conclude that plaintiff has alleged the officers proceeded without exigent circumstances, thereby stating an unlawful arrest claim.[5]

_____

[5] The defendants never argued that exigent circumstances justified the officers' entry into the home. To be sure, the word "exigent" does not appear in any of the defendants' briefing—on the motion to dismiss at the district court or in the briefing on appeal. Because the government bears the burden, and unequivocally failed to carry that burden, we could reverse on this ground alone. *See Ybarra v. Davis*, 489 F. Supp. 3d 624, 628 (W.D. Tex. 2020) (concluding plaintiff alleged facts sufficient to state claim for illegal entry where defendants failed to argue any exigent circumstances justifying the entry into

7

Exigent circumstances might include the "possibility that evidence will be removed or destroyed, the pursuit of a suspect, and immediate safety risks to officers and others." *Hogan*, 722 F.3d at 731–32 (citation modified). "When the totality of circumstances shows an emergency[,] . . . the police may act without waiting" for a warrant. *Lange v. California*, 594 U.S. 295, 308 (2021). The warrantless entry must be "objectively reasonable" given the "exigencies of the situation." *United States v. Turner*, 125 F.4th 693, 704 (5th Cir. 2025) (citation modified). Plaintiff asserts that "law enforcement officers must obtain a warrant before entering a home to make an arrest, except in exigent circumstances." 3d Am. Compl. ¶ 16. He notes that the officers' "actions in disregarding Mr. Harvey's circumstances violated these established constitutional protections." *Id.* And, he alleges, "there was no evidence indicating that [plaintiff] was unstable or intoxicated." *Id.* ¶ 17. What's more, plaintiff alleges that he was "fully cooperating with the officers." *Id.* The complaint plausibly alleges the officers entered the home without exigent circumstances.

Nothing in plaintiff's complaint suggests this was the type of emergent situation making entry without a warrant reasonable. No alleged facts suggest plaintiff would destroy evidence or otherwise escape if officers sought a warrant. *See Lange*, 594 U.S. at 301. Plaintiff admits that the officers later claimed they feared for their safety if he reentered the home, but alleged no facts to indicate he was dangerous, such that a reasonable officer would believe entry was necessary to prevent injury. *See Kentucky v. King*, 563 U.S. 452, 464 (2011) (in addressing exigent circumstances, courts evaluate "objective factors, rather than subjective intent"). True, plaintiff alleged "there were no set policies or Standard Operating procedures in place for

_____

the home's curtilage). But we conclude the factual allegations do not support exigent circumstances, even if the government had argued as much.

managing [911 texts,] thus placing Mr. Harvey in danger." 3d Am. Compl. ¶ 10. Plaintiff clarified that in some situations "the caller might pose a danger to themselves or others." *Id.* These general allegations of "danger" from the absence of police department policies do not rise to the level of an emergency justifying warrantless entry into a home. And plaintiff's remaining allegations abate any notion of immediate danger. Before the arrest, plaintiff alleged he "cooperated fully with the officers" without "fear or hesitation." *Id.* ¶ 12. He had twice entered his home unaccompanied by an officer and without objection during the encounter without incident. *Id.* ¶ 17. Plaintiff's allegations belie the conclusion that he pleaded an exigency, in light of our exigent circumstances case law.

Put simply, the factual allegations do not present a "compelling need for official action" suggesting there was "no time to secure a warrant" to arrest plaintiff for this misdemeanor offense.[6] *Lange*, 594 U.S. at 301–02 (citation modified); *id.* at 309 ("When the nature of the crime, the nature of the flight, and surrounding facts present no such exigency, officers must respect the sanctity of the home—which means that they must get a warrant."); *see also, e.g.*, *Quinn v. Zerkle*, 111 F.4th 281, 292 (4th Cir. 2024) (citing *Lange* as holding that "pursuit of a suspected misdemeanant does not present an exigent circumstance and therefore does not justify a warrantless entry into a suspect's home, absent another Fourth Amendment exception"); *Ordonez v. Gonzalez*, No. EP-23-CV-99-KC, 2024 WL 1250181, at *8 (W.D. Tex. Mar. 25, 2024) ("[A] suspected misdemeanant's flight—as opposed to a suspected felon's flight—from officers trying to arrest her is

---

[6] Plaintiff alleges the officers investigated him under the "misdemeanor offense of Silent and Abusive Calls to 9-1-1." 3d Am. Compl. ¶ 15. We take judicial notice of this Texas misdemeanor offense. *See* Tex. Penal Code Ann. § 42.061 (West 2013) (silent or abusive calls to 9-1-1 service as Class B misdemeanor).

usually insufficient, standing alone, to justify warrantless entry into the home to arrest the suspect." (citing *Lange*, 594 U.S. at 305–09)).  Here, "the complaint alone does not support the application of the exigent circumstances exception." *Thomas v. Tex. Dep't of Fam. & Protective Servs.*, 427 F. App'x 309, 315 (5th Cir. 2011) (per curiam) (concluding plaintiff plausibly stated unlawful entry claim against officer).

Plaintiff has plausibly stated a claim based on the officers' allegedly unlawful entry to his home, particularly given the officers' failure to address exigent circumstances in their filings. *Cf. Linicomn v. Hill*, 902 F.3d 529, 537–38 (5th Cir. 2018) (concluding government had not carried burden to demonstrate exigent circumstances in 12(c) motion for judgment on the pleadings); *Clark v. Henninger*, 221 F.3d 1338, 2000 WL 968044, at *5 (7th Cir. 2000) (concluding plaintiff had alleged "violation of clearly established constitutional law" for warrantless arrest on 12(b)(6) motion where defendant had "not argued . . . that exigent circumstances . . . justified the entry into [plaintiff's] home"). We REVERSE the district court's dismissal of plaintiff's Fourth Amendment unlawful arrest claim against the defendant-officers.

## III

Plaintiff also asserts claims against the City:  § 1983 *Monell* failure-to-train/supervise claims and a Fourteenth Amendment equal protection claim.

## A

We begin with plaintiff's failure-to-train/supervise claims under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).  Having reviewed the district court's thorough analysis of any potential *Monell* liability, we find no error.  The district court correctly concluded that plaintiff had not stated a *Monell* claim.  Plaintiff failed to allege an official policy under either a widespread-practice or single-incident theory for any purported

constitutional violations. The district court also correctly concluded that plaintiff had not established a failure-to-train or failure-to-supervise theory of municipal liability by failing to connect the City's supposed deliberate indifference to his constitutional rights with any allegedly defective training program. At bottom, plaintiff's allegations identified no official policy (or conduct by a final policymaker) that was the "moving force" behind any alleged constitutional violation. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Rather than identifying mistakes in the district court's analysis and emphasizing how his pleaded facts establish liability, plaintiff adds new allegations and arguments not made below. Those efforts are improper— regardless of their merits (or lack thereof). *See Sexton v. Rollins*, No. 24-20296, 2025 WL 1410412, at *1 (5th Cir. May 15, 2025) (per curiam) (citing *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999)) (declining to evaluate new factual allegations in appellate brief when reviewing 12(b)(6) dismissal). Plaintiff's complaint does not state a municipal liability claim, so the district court properly dismissed the failure-to-train/supervise claims against the City.

B

The district court disposed of plaintiff's equal protection claim against the City, concluding that he had not stated a constitutional violation. Plaintiff alleges the City selectively enforced the 911-abuse statute against him when others were not charged. "The conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation." *Allred's Produce v. U.S. Dep't of Agric.*, 178 F.3d 743, 748 (5th Cir. 1999) (citation modified). To assert a selective enforcement claim, a plaintiff must allege that "the government official's acts were motivated by improper considerations, such as race, religion, or the desire to prevent the exercise of

a constitutional right." *Bryan v. City of Madison*, 213 F.3d 267, 277 (5th Cir. 2000) (first citing *Allred's Produce*, 178 F.3d at 748; and then citing *Stern v. Tarrant Cnty. Hosp. Dist.*, 778 F.2d 1052, 1058 (5th Cir. 1985)). Alternatively, a plaintiff can allege the selective enforcement was based on some "other arbitrary classification." *Allred's Produce*, 178 F.3d at 748 (citation modified).

Even assuming plaintiff's allegations supported *Monell* liability for this claim, his complaint fails to allege any sort of "improper consideration[]." *Bryan*, 213 F.3d at 277. Plaintiff does not suggest any reason why the statute was enforced against him but merely concludes the action was "based on impermissible factors." 3d Am. Compl. at 10 (Count 8). His appellate brief suggests that these decisions were based on his past criticism of city leadership, which is an improper new allegation on appeal. The district court correctly concluded plaintiff's complaint failed to state a selective enforcement claim under the Equal Protection Clause of the Fourteenth Amendment.

We AFFIRM the district court's dismissal of plaintiff's claims against the City.

IV

Plaintiff's Notice of Appeal also challenged the district court's denial of his motion to reconsider under Rules 59(e) and 60(b). Because the district court dismissed his complaint with prejudice and entered judgment, plaintiff used this motion to request leave to amend. We review the denial of plaintiff's Rule 59(e) and 60(b) motion for abuse of discretion. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (Rule 59(e)); *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 216 (2025) (Rule 60(b)).

A

Plaintiff's reconsideration argument in his opening brief is one sentence—suggesting the district court erred in failing to consider newly discovered evidence. Plaintiff never explains how this evidence was newly discovered, although he references the evidence throughout his brief. "[T]he failure to provide any legal or factual analysis of an issue results in waiver of that issue." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 260 n.9 (5th Cir. 1995). One sentence is not enough here. *See United States v. Green*, 964 F.2d 365, 371 (5th Cir. 1992) (concluding appellant waived issues referenced in one sentence and without analysis); *United States v. Elashyi*, 554 F.3d 480, 494 n.6 (5th Cir. 2008) ("An appellant that fails to adequately brief an issue in his opening brief waives that issue."). Plaintiff provides fulsome analysis only in his reply. But plaintiff's effort "to address [the motion to reconsider] in his reply brief comes too late." *Cavazos v. JP Morgan Chase Bank Nat'l Ass'n*, 388 F. App'x 398, 399 (5th Cir. 2010) (per curiam). Even though he proceeds pro se, plaintiff waived his reconsideration argument for newly discovered evidence under Rules 59(e) and 60(b). *Robinson v. Schneider*, 614 F. App'x 222, 224 (5th Cir. 2015) (per curiam) (concluding pro se appellant waived issue raised for the first time in reply).

B

Despite his failure to address the standards for relief under Rules 59(e) and 60(b), plaintiff's opening brief decries the district court's denial of leave to amend. Because the district court entered judgment and closed his case, plaintiff's request for leave to amend must be resolved under Rules 59 or 60, instead of Rule 15. *Rosenzweig*, 332 F.3d at 864. But in these circumstances, "we review the district court's denial of plaintiffs' 59(e) motion for abuse of discretion, in light of the limited discretion of Rule 15(a)." *Id.*

In evaluating whether the district court erred in denying leave to amend we consider: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment." *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  A district court does not abuse its discretion when it denies leave to amend for any of those "substantial reason[s]." *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014).

Plaintiff has amended his complaint at least three times already.  After plaintiff filed his first amended complaint, defendants moved to dismiss under Rule 12(b)(6).  Plaintiff responded, maintaining the sufficiency of his complaint.  But he filed a second amended complaint a few days later.  The parties then conducted some discovery, and plaintiff was granted leave to amend a third time.  Thereafter, defendants filed the motions to dismiss pertinent to this appeal, raising many arguments similar to those in the defendants' earlier motions to dismiss.

Although the district court did not rule on the previous motions to dismiss, we conclude that plaintiff has repeatedly failed to cure deficiencies by previous amendments.  *See, e.g.*, *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) ("From the moment the defendants filed their answer . . . , the plaintiff was on notice that his complaint might not be sufficient to state a cause of action."); *Olson v. Wallace Comput. Servs., Inc.*, 95 F.3d 54, 1996 WL 460090, at *1 (5th Cir. 1996) (per curiam) (noting that "motion to dismiss gave [plaintiff] clear notice of the deficiencies in her original complaint").  Plaintiff "had several opportunities to plead sufficient facts to state a claim . . . but failed to do so." *Wray v. Home Depot USA, Inc.*, 858 F. App'x 777, 778 (5th Cir. 2021) (per curiam).  The district court did not abuse its discretion by dismissing plaintiff's claims with prejudice and without leave to amend. *See id.*; *Roe v. United States*, 839 F. App'x 836, 848 (5th Cir. 2020)

14

(per curiam) ("Where prior amendments failed to cure deficiencies in the pleadings, it is not an abuse of discretion to deny leave to amend further.").

And, in any case, plaintiff's motion to reconsider did not include the new facts he would plead to cure deficiencies. While plaintiff referenced a list of "new evidence," he failed to explain how that new evidence cured the deficiencies the district court identified. Plaintiff then explained several "errors of law and fact" in the district court's ruling, but largely repeated allegations from his complaint. His motion did little to connect any new allegations to the deficiencies the court identified—or explain how they cure those deficiencies. Tellingly, plaintiff's appellate brief contains numerous new factual allegations that did not appear in his latest complaint—or in his reconsideration motion. Absent those efforts on the motion to reconsider, the district court could not have determined whether any amendment was futile. We cannot conclude the district court abused its discretion in denying leave to amend. *See Rosenzweig*, 332 F.3d at 865 (concluding district court did not abuse its discretion in denying leave to amend where plaintiffs failed to attach proposed amended complaint, "leaving the district court to speculate as to how these seemingly redundant facts might amount to a legal claim").

V

Before the district judge ruled on the motions to dismiss, defendants filed Rule 56 summary judgment motions. The summary judgment evidence included footage from two body cameras, along with other exhibits. At plaintiff's request, the court viewed the body camera evidence but did not find it pertinent to include at the motion to dismiss stage. The district court did not include the body camera evidence in its order of dismissal. And, despite plaintiff's familiarity with law enforcement practices, the complaint does not reference the body cameras in any way. *See Harmon v. City of*

*Arlington*, 16 F.4th 1159, 1163 (5th Cir. 2021) (recognizing on 12(b)(6) motion ability to review video recordings "included in the pleadings" and adopt video depiction to extent video "blatantly contradicts" complaint allegations (citation modified)). We decline to consider this evidence on review of a 12(b)(6) motion, confining our analysis to the allegations in plaintiff's Third Amended Complaint.

We remand plaintiff's Fourth Amendment unlawful arrest claim and any questions about the officers' entitlement to qualified immunity. The district court is suited to review the body camera footage and answer qualified immunity questions in the first instance when reviewing the officers' pending summary judgment motion.

## VI

Aside from its erroneous dismissal of plaintiff's unlawful arrest claim, the district court correctly dismissed plaintiff's Third Amended Complaint. And the district court did not abuse its discretion by denying plaintiff's reconsideration motions and denying plaintiff leave to amend his complaint yet another time. We AFFIRM in part and REVERSE in part the district court's order dismissing plaintiff's Third Amended Complaint. And we AFFIRM the district court's denial of plaintiff's reconsideration motion. We REMAND for further proceedings consistent with this opinion, including consideration of the officers' pending motion for summary judgment.